## JOHN HERNDON v. STATE.

No. A-3626.   Opinion Filed Jan. 28, 1922.
(203 Pac. 899.)

(Syllabus.)

**Appeal and Error—Absence of Briefs—Review—Conviction of Murder.**
When an appeal is taken from a conviction of murder, and no
briefs are filed, this court will examine the record to ascertain
whether any fundamental errors were committed at the trial.
Where no such errors appear, the judgment of the trial court will
be affirmed.

Appeal from District Court, Greer County; Thos. A. Ed-
wards, Judge.

John Herndon was convicted of murder and he appeals.
Affirmed.

See, also, 18 Okla. Cr. 68, 192 Pac. 820.

E. M. Stewart and Giddings & Giddings, for plaintiff in
error.

The Attorney General, for the State.

BESSEY, J.   John Herndon, plaintiff in error, hereinaf-
ter called the defendant, was, by information filed in the dis-
trict court of Greer county on January 7, 1919, charged with
the murder of W. F. Oar, on January 5, 1919.   At the trial the
jury brought in a verdict of guilty, and assessed his punish-
ment at imprisonment for life in the state penitentiary.   From
the judgment and sentence pronounced on this verdict, March
26, 1919, the defendant appeals.

The record shows that the deceased, W. F. Oar, was a
tenant or share-cropper on the premises of the defendant, and
that, growing out of this relation, there was some trouble or
misunderstanding about the use of defendant's horses and the
removal of certain crops.   The deceased procured other men
and teams to remove his portion of a feed crop then in shock

on the premises, and while these men were engaged in loading this feed defendant went to the field 'where they and the deceased were and ordered the deceased not to remove the crop. The deceased refused to heed defendant's order, and while he was placing a bundle of feed on the wagon the defendant shot him. The deceased then retreated, and the defendant pursued him and fired two more shots into his body, causing death.

The testimony of both the defendant and the state negatived any issue of self-defense. The testimony as a whole indicated a wanton, premeditated design to kill the deceased. It would serve no good purpose to recite the facts in further detail.

Although according to the rules of this court the time for filing briefs has long since passed, no brief has been filed on behalf of the plaintiff in error. Ordinarily, this court will not search the record for errors where no briefs are filed, but, on account of the gravity of the offense here charged, this voluminous record, containing 1,127 pages, has been carefully examined, and upon such examination we find that the defendant was afforded a fair and orderly trial, and that the trial court saw to it that he had the advantage of all his statutory and constitutional rights. The reception and rejection of testimony was fair; the instructions to the jury fairly stated the law in the case. The testimony on the part of the state indicates convincingly that the defendant was guilty of premeditated murder, without any adequate excuse or justification. Under the defendant's own testimony he was guilty of murder.

There was no defense that could be made to the state's case except that of insanity. A plea of insanity was interposed, and evidence was heard in support of this plea. Count-

er testimony was heard, resisting the plea of insanity. From the evidence on this issue the court believes, as the jury believed, that beyond a reasonable doubt the defendant was sane. The issue of insanity was fairly submitted to the jury.

Finding no fundamental error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., concurs.

MATSON, J., not participating.